

Signed/Docketed
October 11, 2012

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO
### The Honorable Michael E. Romero

| | |
|---|---|
| In re: | ) |
| | ) Case No. 11-29774-MER |
| GEOFFREY WESCOTT JAMES | ) |
| NANCY MAUREEN JAMES | ) Chapter 7 |
| | ) |
| Debtor. | ) |
| | ) |
| RENEE SUNDARAM | ) Adversary No. 11-1837-MER |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| GEOFFREY WESCOTT JAMES | ) |
| | ) |
| Defendant. | ) |

**ORDER ON MOTION FOR PARTIAL SUMMARY JUDGMENT**

THIS MATTER comes before the Court on the *Defendant's Motion for Partial Summary Judgment Directed to Plaintiff's 11 U.S.C. § 523(a)(19) Claim* ("Motion for Summary Judgment") filed by Defendant Geoffrey Wescott James[1] and the *Plaintiff's Response to Defendant's Motion for Partial Summary Judgment Directed to Plaintiff's 11 U.S.C. § 523(a)(19) Claim* ("Response") filed by Plaintiff Renee Sundaram.  The Court has considered the pleadings on file and the legal arguments presented by counsel for the parties at oral argument, and hereby finds and concludes as follows.

**JURISDICTION**

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 (a) and (b) and 157(a) and (b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) because it involves determinations as to the dischargeability of particular debts.

---

[1] The Defendant also filed an *Affidavit of Geoffrey Westcott James in Support of Motion for Partial Summary Judgment Directed to Plaintiff's 11 U.S.C. § 523(a)(19) Claim* (Docket No. 20) with exhibits.

## STATEMENT OF UNDISPUTED FACTS[2]

1. The Defendant and co-debtor Nancy Maureen James filed their petition for relief under Chapter 7 of the Bankruptcy Code on August 18, 2011.

2. Plaintiff filed a complaint against the Defendant on or about August 3, 2010, in King County, Washington Superior Court, Case No. 10-2-28024-3 SEA (the "State Court Action").

3. The complaint in the State Court Action asserts claims for breach of contract, misrepresentation, and fraud arising from a promissory note executed by Defendant in favor of Plaintiff on or about August 19, 2008 (the "August 2008 Promissory Note").

4. Pursuant to the August 2008 Promissory Note, Defendant agreed to pay Plaintiff $240,000 on or before January 15, 2009, in two installments of $120,000 each.

5. The complaint in the State Court Action does not assert any claim for the violation of federal securities laws, state securities law, or any regulation or order issued under such federal or state securities laws, or common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

6. A default judgment was entered against Defendant in the State Court Action on or about November 18, 2010 ("Default Judgment"). The Default Judgment is based upon Defendant's failure to repay the August 2008 Promissory Note.

7. Plaintiff has not commenced an action or legal proceeding against Defendant for the violation of any federal securities law, any state securities law, any regulation or order issued under such federal or state securities laws, or for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

8. Plaintiff has not obtained a judgment, order, consent order, or decree against Defendant in any federal or state judicial or administrative proceeding resulting from an alleged violation of federal or state securities laws, or for common law fraud, deceit, or manipulation in connection with the purchase or sale of any security.

---

[2] Plaintiff's Response states "Plaintiff does not disagree with the statements as set forth in paragraphs 1 through 16 of Defendant's Statement of Undisputed Facts. Plaintiff admits that she did not obtain any judgment order, consent order, or decree or a settlement agreement finding or acknowledging that a violation on any of the federal securities laws or the state securities laws had occurred." Response, at p. 2. Accordingly, the Court hereby incorporates those undisputed facts as set forth in the Motion for Summary Judgment.

9. Plaintiff has not obtained any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment arising from an alleged violation of federal or state securities laws.

10. Defendant has not entered into any settlement agreement admitting liability for an alleged violation of any federal or state securities laws.

11. Plaintiff filed the above-captioned adversary proceeding on November 17, 2011 ("Adversary Proceeding").

12. Plaintiff loaned Defendant $75,000 on or about October 22, 2007, evidenced by a promissory note (the "October 2007 Promissory Note") executed by Defendant in favor of Plaintiff in the principal amount of $75,000. A balloon payment was due under the October 2007 Promissory Note within one year. Plaintiff did not attach a copy of the October 2007 Promissory Note to her Complaint.

13. Plaintiff alleges Defendant made numerous misrepresentations to induce Plaintiff to invest in an entity known as Flying Horse, Ltd. Based on these representations, Plaintiff argues the alleged debt owed to Plaintiff should be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2)(A) and § 523(a)(19).[3]

## DISCUSSION

Pursuant to FED. R. BANKR. P. 7056, Defendant's Motion for Summary Judgment seeks entry of an order dismissing Plaintiff's Second Claim for Relief under § 523(a)(19). In support, Defendant relies on the plain statutory language in § 523(a)(19)(B) and *In Nusse v. Jafari (In re Jafari)*, 401 B.R. 494 (Bankr. D. Colo. 2009) for the proposition that bankruptcy courts lack the authority to determine liability under applicable securities laws in adjudicating a § 523(a)(19) dischargeability claim. Defendant asserts the Plaintiff cannot comply with Subsection (B) without obtaining the requisite judgment, order or settlement agreement from a non-bankruptcy court.

In her Response, Plaintiff argues the *Jafari* decision is not binding on this division, and in any event, the decision violates principles of statutory construction, including the following: (1) giving the statute plain meaning; (2) giving effect to each word; and (3) not interpreting a statute to obtain an absurd or unjust result. Plaintiff also asserts the *Jafari* Court erred in comparing 523(a)(7) to (a)(19) in its analysis, and recent decisions do not favor the *Jafari* analysis.

---

[3] Unless otherwise noted, all future statutory references in the text are to Title 11 of the United States Code.

**A.     Standard for Summary Judgment**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[4]  In applying this standard, the Court is to "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing the motion."[5]  The party seeking summary judgment bears "the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of [the record] 'together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact."[6]  Summary judgment is a drastic remedy and "should be applied with caution to the end that litigants will have a trial on bona fide factual disputes.  No margin exists for the disposition of factual issues.  If there is any issue as to a material fact dispositive of right or duty, the case is not ripe for summary judgment."[7]

Here, the Motion for Summary Judgment turns on the statutory interpretation of § 523(a)(19).  As set forth above, the material facts in this case with respect to the Plaintiff's § 523(a)(19) claim are undisputed.  Plaintiff has not obtained a judgment, order, consent order or decree entered by a non-bankruptcy court having competent jurisdiction, nor has Defendant entered into any settlement agreement concerning violation of any federal or state securities laws.  The sole issue before this Court is whether dismissal of Plaintiff's § 523(a)(19) claim is proper as a matter of law in light of *Jafari* and its progeny. Accordingly, the instant matter is ripe for summary judgment.

**B.     Section 523(a)(19)**

Section 523(a)(19) provides a discharge under 727 does not discharge a debt that:

(A) is for-

> (i) the violation of any of the Federal securities laws, . . . any of the State securities laws, or any regulation or order issued under such Federal or State securities laws; or

> (ii) common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and

---

[4] FED. R. CIV. P. 56(a), applicable in bankruptcy adversary proceedings pursuant to FED. R. BANKR. P. 7056.

[5] *Lopez v. LeMaster*, 172 F.3d 756, 759 (10th Cir. 1999).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

[7] *Jones v. Nelson*, 484 F.2d 1165, 1168 (10th Cir. 1973) (citations omitted).

>   (B) results, before, on, or after the date on which the petition was filed, from
>
>   >   (i) any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
>   >
>   >   (ii) any settlement agreement entered into by the debtor; or
>   >
>   >   (iii) any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.[8]

The parties agree the BAPCPA amendment removed the temporal limitation in § 523(a)(19) requiring a pre-petition judgement, and the statute currently provides a debt may be nondischargeable if the appropriate judgment, order, consent order, decree or settlement agreement was obtained "before, on or after" the petition date.  However, this Court recognizes the split of authority in cases where the debtors filed for bankruptcy relief before litigation in other courts has been instituted or completed.  At issue is whether a bankruptcy court may determine the underlying liability for a violation of state or federal securities law, in addition to determining the § 523(a)(19) dischargeability claim:

>   [S]ome courts proceed to try the section 523(a)(19) claim . . . on the merits. [citing *In re Chan*, 355 B.R. 494, 504 (Bankr. E. D. Penn. 2006)].  Other courts have interpreted the requirement in Subparagraph (B) of section 523(a)(19) that there be a judgement or settlement agreement, to reflect Congress's intent that the liability determination under the common law or federal or state securities law be made in a nonbankruptcy forum [citing *Jafari* and *Holland v. Zimmerman (In re Zimmerman)*, 341 B.R. 77, 80 (Bankr. N.D. Ga.2006)].[9]

Here, the *Jafari* decision is squarely at issue.  *Jafari* holds:

>   [A]bsent a settlement agreement or other consensual determination of liability, Subsection B evidences a conscious choice to have *the liability*

---

[8] § 523(a)(19).  Section 523(a)(19) was added to the Bankruptcy Code by § 803 of the Sarbanes-Oxley Act of 2002, Pub.L. No. 107-24, § 803(3), 116 Stat. 745 and amended by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA").  The Senate committee report for the 2002 Act states this exception to discharge will "make judgments and settlements arising from state and federal securities law violations brought by state and federal regulators and private individuals non-dischargeable." S. Rep. 107-146 (2002).

[9] 4 *Collier on Bankruptcy* ¶ 523.27, [523–131-32] (Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev.).

*determination* occur outside of the bankruptcy forum, whether it occurs pre- or post-bankruptcy. Once liability has been imposed, then either a bankruptcy court or a non-bankruptcy court may determine the application of this nondischargeability statute.[10]

By contrast, *In re Chan*, which was determined prior to the *Jafari* decision, provides a bankruptcy court may determine the liabilities violation of a securities violation.[11] However, Judge Eric Frank recently criticized his prior opinion in light of *Jafari*, stating as follows:

> When presented with a similar issue in a dischargeability proceeding arising under 11 U.S.C. § 523(a)(19), in the circumstances presented, I determined that the dischargeability proceeding in the bankruptcy court had primacy and denied the creditor's motion for relief from the automatic stay, thereby requiring the creditor to litigate the dischargeability first in the bankruptcy court. *See In re Chan*, 355 B.R. 494 (Bankr. E.D. Pa. 2006). It is not obvious to me that *Chan* dictates the same outcome here. *Chan* was subject to a thoughtful critique by the court in *In re Jafari*, 401 B.R. 494 (Bankr. D. Colo. 2009) and it may be appropriate to revisit its reasoning and holding.[12]

Ultimately, this Court agrees with the statutory interpretation as set forth in *Jafari*, and is persuaded by the analysis and reasoning of the opinion. Under § 523(a)(19), this Court may determine the dischargeabilty of a debt for a securities violation, but a non-bankruptcy court must first determine liability on

---

[10] *Jafari*, 401 B.R. at 499-500; *see also Holland v. Zimmerman (In re Zimmerman)*, 341 B.R. 77, 80 (Bankr. N.D. Ga.2006) ("Section 523(a)(19) expressly contemplates a post-petition determination of liability by a nonbankruptcy forum . . . ."). The Court also notes the recent trend of cases following the holding in *Jafari*: *In re Anderson*, 10-20651-TLM, 2012 WL 3133827 (Bankr. D. Idaho Aug. 1, 2012); *In re Quibell*, 1:10-BK-05863MDF, 2012 WL 1144422 (Bankr. M.D. Pa. Apr. 4, 2012) (stating "Section 523(a)(19) must be read narrowly and applied only to debtors who have been found to have violated securities laws. *Sherman v. Securities Exchange Comm'n (Matter of Sherman)*, 658 F.3d 1009 (9th Cir. 2011)."); *Terek v. Bundy (In re Bundy)*, 468 B.R. 916 (Bankr. E.D. Wash. 2012) (requiring the debt to be memorialized in a judgment, order or settlement agreement outside of bankruptcy case); *Voss v. Pujdak (In re Pujdak)*, 462 B.R. 560 (Bankr. D.S.C. 2011) (following *Jafari*); *In re Reuter*, 07-21128-DRD-11, 2010 WL 3606032 (Bankr. W.D. Mo. Sept. 10, 2010) (Debtor consented to the bankruptcy court making the securities liability determination, but the Court indicated "that under different facts it would likely be persuaded by the reasoning set forth [*Jafari*]."); *In re Demers*, 08-00616-FLK7, 2009 WL 3681675 (Bankr. E.D. Wash. Oct. 30, 2009) (following *Jafari*).

[11] *In re Chan*, 355 B.R. 494, 504 (Bankr. E. D. Penn. 2006) (disagreeing with *Zimmerman*, and refusing to grant relief from stay to allow the continuation of non-bankruptcy litigation against the debtors for a securities law violation).

[12] *In re Harrsch*, 432 B.R. 169, 175 n.10 (Bankr. E.D. Pa. 2010).

the alleged securities violation. Therefore, the Court will grant the Motion for Summary Judgment.[13]

## CONCLUSION

For the foregoing reasons,

IT IS ORDERED the *Defendant's Motion for Partial Summary Judgment Directed to Plaintiff's 11 U.S.C. § 523(a)(19) Claim* filed by Defendant Geoffrey Wescott James is GRANTED. The Plaintiff's Second Claim for Relief under 11 U.S.C. § 523(a)(19) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED this Adversary Proceeding shall be held in abeyance pending litigation in the appropriate forum regarding liability for the alleged securities violation and entry of a final judgment or order on the merits. Plaintiff is hereby granted leave to file an appropriate motion with this Court if she wishes to proceed with the Adversary Proceeding on the remaining First Claim for Relief. The status conference on October 16, 2012, is VACATED.

Dated October 11, 2012                         BY THE COURT:

                                               Michael E. Romero
                                               United States Bankruptcy Judge

---

[13] Further, the Court finds additional independent grounds for granting the Motion for Summary Judgment exist. In interpreting § 523(a)(19), the U.S. Bankruptcy Court for the Eastern District of Tennessee focused on the plain statutory language and the necessity that the subject debt "result" from a judgment, order or settlement agreement. The court reasoned as follows:

> Section 523(a)(19) requires that the debt "result" from a judicial or administrative order or settlement agreement. An order by this court of nondischargeability is a determination that a debt, already in existence, is excepted from discharge; the debt does not "result" from the dischargeability determination.

*In re Thiele*, 2010 WL 1026972, at *8 (Bankr. E.D. Tenn. Mar. 17, 2010) (dismissing the § 523(a)(19) claim because the plaintiffs did not state a claim for relief in their complaint including the necessary element under (a)(19)(B) that the debt "result" from an order or settlement agreement). On this point, Plaintiff concedes no judgment, order or agreement recognizing the debt exists. Thus, the Court cannot make a determination on the alleged debt under § 523(a)(19) at this time because such debt does not "result" from any previous judgment, order or settlement agreement.